EASTERN DISTRICT OF KENTUCKY
FILED
DATE 8/2/07
LESLIE G WHITMER
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# COVINGTON

**CRIMINAL ACTION NO. 07-42-DLB**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**V.**                         **PLEA AGREEMENT**

**TIMOTHY L. KYNE**                                                         **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11, the Defendant will enter a guilty plea to the Indictment. This charges the Defendant with a violation of 18 U.S.C. § 2423(b).

2. The essential elements of the Indictment are:

    a. That the Defendant traveled in interstate commerce;

    b. That the Defendant did so for the purpose of engaging in illicit sexual conduct with an individual younger than 18 years of age; and

    c. That the intended sexual act would have been a violation of federal law if it had been committed in the special maritime or territorial jurisdiction of the United States.

3. As to the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

a. That the Defendant used a computer connected to the internet to exchange instant messages with an individual purported to be a thirteen year old boy on several occasions during a time period beginning on April 6, 2007 and ending on April 12, 2007.

b. The Defendant traveled from Indiana to Highland Heights, Campbell County, Kentucky on April 13, 2007 for the purpose of engaging in sexual activity with a purported thirteen year old boy.

c. That the Defendant was arrested at the location where he intended to have illegal sexual contact with the thirteen year old boy. Police found a map to the location in his vehicle when they searched it incident to his arrest.

d. The Defendant used a computer during his communications with the intended thirteen year old sexual partner to persuade and induce the purported minor to engage in unlawful sexual contact.

4. The maximum statutory punishment is thirty years imprisonment, a fine of not more than $250,000, and a term of supervised release of up to life. A mandatory special assessment of $100 applies. The Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing or as directed by the Court.

5. The United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to other calculations. This recommendation does not bind the Court, and the parties acknowledge that the guidelines are advisory.

a. The United States Sentencing Guidelines (U.S.S.G.), November 1, 2006, manual, will determine the Defendant's guideline range.

b. Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct consists of the actions listed in Paragraph 3 of this Agreement.

c. Pursuant to U.S.S.G. § 2G1.3(a), the base offense level is 24.

d. Pursuant to U.S.S.G. § 2G1.3(b)(3), increase the base offense level by 2 for the use of a computer to persuade, induce, or entice a minor to engage in prohibited sexual conduct.

e. Pursuant to U.S.S.G. § 3E1.1, and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the

applicable advisory sentencing guidelines range. In return, the United States will recommend a sentence at the low end of the applicable sentencing guideline range.

8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction. The Defendant also waives the right to appeal and the right to attack collaterally any sentence that is within the guideline range as finally determined by the Court.

9. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

AMUL R. THAPAR
UNITED STATES ATTORNEY

Date: 8/2/07     By: _____
                 Anthony J. Bracke
                 Assistant United States Attorney

Date: 8/2/07         _____
                 Timothy L. Kyne
                 Defendant

Date: 8/2/01         _____
                 Burr Travis
                 Attorney for Defendant

APPROVED, this _____ day of _____, 2007.

_____
U.S. DISTRICT JUDGE